# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 08-10260
Conference Calendar

WILLIE LEE JOHNSON

Plaintiff-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; CHRISTINA MELTON CRAIN, Chairman, Texas Department of Criminal Justice Division; BRAD LIVINGSTON, Executive Director, Texas Department of Criminal Justice; KIM VERNON, State Counsel of Offenders, Texas Department of Criminal Justice; MELINDA BOZARTH, as General Counsel

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:07-CV-225

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se and in forma pauperis, Willie Lee Johnson, a former Texas prisoner, filed a 42 U.S.C. § 1983 complaint for damages against numerous defendants involved in his 1996 Texas state conviction for driving

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

while intoxicated. The district court dismissed the complaint as barred by Heck v. Humphrey, 512 U.S. 477 (1994), and as repetitive and malicious. Johnson does not challenge the district court's conclusion that his claims were barred by Heck or were repetitive and malicious.

By failing to brief any argument challenging the district court's reasons for dismissal, Johnson has abandoned the only grounds for appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). The appeal is wholly without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5TH CIR. R. 42.2. Johnson is warned that future frivolous filings will invite the imposition of sanctions.

APPEAL DISMISSED; SANCTION WARNING ISSUED.